```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
ALEXIS AMPUDIA,                          :
                                         :
                         Plaintiff,      :    09 Civ. 6232 (DLC)
          -v-                            :
                                         :    MEMORANDUM OPINION
THE CITY OF NEW YORK PORT AUTHORITY OF   :         & ORDER
NEW YORK AND NEW JERSEY; NEW YORK        :
POLICE DEPARTMENT; LAWRENCE LLOYD        :
(Shield 04428); ANDREW SHORE (Shield     :
23066); and JEREMY SALAND,               :
                                         :
                         Defendants.     :
                                         :
-----------------------------------------X
```

Appearances:

For plaintiff:
Alexis Ampudia, pro se
274 Prospect Place
Brooklyn, NY 11238

For defendant Port Authority of New York and New Jersey:
Ilea A. Kozak
Port Authority of NY & NJ
225 Park Avenue South
New York, NY 10003

For defendants New York Police Department, Lawrence Lloyd, Andrew Shore, and Jeremy Saland:
Lisa M. Richardson
Assistant Corporation Counsel
The City of New York Law Department
100 Church Street
New York, NY 10007

DENISE COTE, District Judge:

The defendants have requested that the complaint in this case be dismissed for failure to prosecute pursuant to Rule

41(b), Fed. R. Civ. P.  The complaint is dismissed with prejudice.

## BACKGROUND

The plaintiff Alexis Ampudia ("Ampudia"), proceeding pro se, filed the complaint in this case on July 13, 2009, seeking relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights.  Ampudia alleged that he was falsely arrested at Newark airport on April 5, 2007 and that the arresting officers confiscated his property and never returned it.

The case was reassigned to this Court on April 27, 2010.  An initial pretrial conference was held on July 16, 2010.  By Order of March 2, 2011, the Court directed that any motion for summary judgment be filed by July 15.  On June 28, the Court received a letter from Assistant Corporation Counsel advising it that Ampudia had failed to appear for his deposition scheduled for June 28.  By Order of June 30, the Court required Ampudia to appear for his deposition on July 20 at 10 a.m.  The Court warned Ampudia that if he failed to appear for his deposition, his claims would be dismissed for failure to prosecute unless good cause was shown.

By letters of July 25 and July 26, the defendants informed the Court that while Ampudia had appeared for his deposition on

2

July 20, he became upset after answering only a few questions, refused to answer any further questions, and abruptly left the deposition. The defendants request that the Court dismiss Ampudia's complaint for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P.

DISCUSSION

Rule 41(b) authorizes dismissal of a complaint "[i]f the plaintiff fails to prosecute or to comply with ... a court order." Rule 41(b), Fed. R. Civ. P. The five factors to be analyzed in adjudicating such a motion are whether the failure to prosecute caused a significant delay, whether the plaintiff was given notice that further delay would result in dismissal, whether the defendant is likely to be prejudiced by the delay, whether any need to alleviate court calendar congestion outweighs the plaintiff's right to its day in court, and whether lesser sanctions are appropriate. Lewis v. Rawson, 564 F.3d 569, 575-82 (2d Cir. 2009); United States ex rel. Rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254-58 (2d Cir. 2004); Shannon v. General Electric Co., 186 F.3d 186, 194-96 (2d Cir. 1999). In analyzing the factors, the court reviews the record as a whole, conscious of the fact that dismissal is a harsh remedy to be used "only in extreme situations." Drake, 375 F.3d at 254. A dismissal with prejudice ordinarily occurs as a sanction for

3

"dilatory tactics during the course of litigation or for failure to follow a court order." Lewis, 564 F.3d at 576.

The defendants have shown that dismissal is appropriate in this case. The defendants have been unable to investigate Ampudia's claims due to his failure to appear for his scheduled deposition. Ampudia was warned on June 30 that if he did not appear for his July 20 deposition, his complaint would be dismissed for failure to prosecute. The defendants would be prejudiced by further delay in this case because they have already spent several months attempting to schedule Ampudia's deposition. Concern for congestion of the Court's calendar also argues in favor of dismissal, for it has been over a year since the initial pretrial conference and the defendants have not been able to conclude discovery due to Ampudia's dilatory tactics. A dismissal with prejudice is an appropriate sanction based on Ampudia's failure to appear for his deposition despite repeated requests from the defendants, a warning from the Court and his failure to provide any explanation for that failure.

CONCLUSION

Ampudia's July 13, 2009 complaint is dismissed with prejudice for failure to prosecute. The Clerk of Court shall close the case.

SO ORDERED:

Dated: New York, New York
July 29, 2011

---
DENISE COTE
United States District Judge

COPIES SENT TO:

Alexis Ampudia
274 Prospect Place
Brooklyn, NY 11238

Ilea A. Kozak
Port Authority of NY & NJ
225 Park Avenue South
New York, NY 10003

Lisa M. Richardson
Assistant Corporation Counsel
The City of New York Law Department
100 Church Street
New York, NY 10007